United States District Court
Southern District of New York

CHRISTOPHER SALEM,

Plaintiff,

- against -

THE CITY OF NEW YORK, CORRECTION OFFICER BAXTER, CORRECTION OFFICER SELLY,

Defendants.

16 Civ. 7562 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff brought this Complaint under 42 U.S.C. § 1983 on September 26, 2016, while incarcerated at George Motchan Detention Center ("GMDC") on Rikers Island, alleging that two correctional officers unlawfully arrested him in violation of the Fourth Amendment. On November 18, 2016, the Court directed the plaintiff to maintain a current address with the Court. Despite the Court's Order, the plaintiff failed to notify the Court of two changes in his address during the course of the litigation and failed to appear at a Court scheduled telephone conference. The defendants now move to dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's alleged failure to prosecute. For the reasons stated below, the motion to dismiss for failure to prosecute is **granted in part** and the Complaint is **dismissed without prejudice.**

I.

The plaintiff, Christopher Salem, while incarcerated at GMDC, commenced this action on September 26, 2016. Jaffe Decl. ¶ 3. In the Complaint, the plaintiff alleges that in or around March 2016, two correctional officers falsely arrested him in violation of the Fourth Amendment. Jaffe Decl. ¶ 3, Ex. A, at 4. On November 18, 2016, the Court directed the plaintiff to notify the Court of any changes to his address and advised the plaintiff that failure to notify the Court of any future address change may result in dismissal of the case. Dkt. No. 8. The November 18 Order was not returned to the Court as undeliverable. Jaffe Decl. ¶ 5. In the months following the November Order, the plaintiff changed his address twice.

The first change of address occurred on or about October 18, 2016, when the plaintiff was transferred from GMDC to Queensboro Correctional Facility ("The Queensboro Facility"), which is a New York State correctional facility. Jaffe Decl. ¶ 7. The second change of address occurred on or about February 16, 2017, when the plaintiff was released from the Queensboro Facility. Jaffe Decl. ¶ 10. The plaintiff failed to inform the Court of either change to his address.

On January 12, 2017, counsel for the defendants called the plaintiff at the Queensboro Facility and discussed a potential

extension of time to answer the Complaint. Jaffe Decl. ¶ 8. The January 12 phone call was the last time the defendants communicated with the plaintiff. Jaffe Decl. ¶ 9. On March 28, 2017, counsel for the defendants filed an Answer to the Complaint and mailed copies of that Answer to the plaintiff's last two known addresses, GMDC and the Queensboro Facility. Jaffe Decl. ¶ 11. The Answers were returned to counsel for the defendants as undeliverable on April 18, 2017. Jaffe Decl. ¶ 12.

On April 26, 2017, the Court scheduled a telephone conference for May 19, 2017 to discuss the case. Jaffe Decl. ¶ 13. On April 28, 2017, counsel for the defendants learned from the plaintiff's parole officer that the plaintiff, upon leaving the Queensboro Facility, began residing at a homeless shelter at 1322 Bedford Avenue in Brooklyn, New York. Jaffe Decl. ¶ 14. Counsel for the defendants placed several phone calls to the homeless shelter between April 28, 2017 and May 5, 2017. Jaffe Decl. ¶ 15. However, counsel for the defendants was unable to reach the plaintiff. Jaffe Decl. ¶ 15. On May 10, 2017, the defendants moved to adjourn the May 19, 2017 telephone conference on the basis that the plaintiff likely did not receive notice of the conference. Jaffe Decl. ¶ 16.

On May 11, 2017, counsel for the defendants mailed the April 26 scheduling Order to the homeless shelter in Brooklyn

with a letter requesting to speak with the plaintiff. Jaffe Decl. ¶ 17. The letter was returned as undeliverable on June 6, 2017. Jaffe Decl. ¶ 19. Between May 11, 2017 and June 6, 2017, counsel for the defendants placed several phone calls to the homeless shelter in Brooklyn attempting to reach the plaintiff, but was unable to reach the plaintiff. Jaffe Decl. ¶ 18.

On June 16, 2017, the adjourned telephone conference was held. The plaintiff did not attend the conference. The defendants now move to dismiss the Complaint for failure to prosecute. Jaffe Decl. ¶ 20, Ex. C.

**II.**

**A.**

The defendants argue that the Court should dismiss the Complaint because the plaintiff has failed to prosecute the case. District courts may dismiss actions for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 41(b). In considering the dismissal of an action under Rule 41(b) for failure to prosecute, a district court must consider:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether

> the judge has adequately assessed the efficacy of lesser sanctions.

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (alternations and quotation marks omitted); see also Laney v. Ramirez, No. 10-cv-9063, 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011). No single factor is dispositive and a court must weigh all five factors in determining whether dismissal is appropriate. See United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004). Dismissal is a "harsh remedy to be utilized only in extreme situations." Id. (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). However, dismissal for failure to prosecute is generally proper where the plaintiff has failed to maintain a current address with the court. See Laney, 2011 WL 6594491, at *1 ("[A] case cannot proceed without a current address for the plaintiff and the failure to maintain such an address with the Court is a ground for failure to prosecute."). The factors weigh in favor of dismissal without prejudice.

**B.**

As to the first factor, it is clear that a significant and undue delay has resulted from the plaintiff's failure to notify the Court of his two address changes. It has been nearly one year since the plaintiff left GMDC, nearly ten months since the plaintiff left the Queensboro Facility, and nearly eight months

since the defendants filed their Answer. See Jaffe Decl. ¶¶ 7, 10. A delay of eight months to one year in prosecuting a case "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." Peters-Turnball v. Bd. Of Educ. Of City of New York, No. 96-cv-4914, 1999 WL 959375, at *2, *3 (S.D.N.Y. Oct. 20, 1999); see also Waters v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. Jan. 4, 2013) (dismissing a case under Rule 41(b) for failure to prosecute where three months had elapsed after a payment of a filing fee deadline, which was extended for the pro se plaintiff); Avila v. Commissioner of Social Security, 15-cv-2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) ("The case will be dismissed for failure to prosecute. Seven months have elapsed since the filing of the defendant's motion to dismiss."). The defendants have been ready to proceed with this case since March 27, 2017, after filing their Answer to the Complaint. The case has been unable to proceed because the plaintiff has been absent. Therefore, the first factor weighs in favor of dismissal.

As to the second factor, the plaintiff received adequate notice that failure to inform the Court of any changes to his address may result in dismissal of his case. See Dkt. No. 8. The November 18 Order clearly notified the plaintiff that failure to maintain a current address with the Court may result in

dismissal. See Dkt. No. 8. The Order was not returned as undeliverable. Additionally, the subsequent warnings of a pending dismissal may have never reached the plaintiff precisely because the plaintiff failed to update his address with the Court. Any potential notice problem as to the subsequent warnings of dismissal is a problem of the plaintiff's own making. See Beauford v. Doe #1, No. 04-cv-7533, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2007). Therefore, the second factor weighs in favor of dismissal.

As to the third factor, "[t]he Court can presume that the defendants have been prejudiced and will continue to be by further delay whereas here the plaintiff has already been unresponsive for a long period of time." Id. at *1. Nearly ten months have elapsed since the plaintiff has communicated with the Court or the defendants, and nearly eight months have elapsed since defendants filed their Answer. See id. Therefore, the third factor weighs in favor of dismissal.

As to the fourth factor, in balancing the plaintiff's due process rights against the Court's interest in docket efficiency, the plaintiff's interest weighs more on balance for two reasons. First, prejudice to the Court resulting from the delay is minimal. "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to

be heard is subrogated to the convenience of the court." Lucas v. Miles, 84 F.3d 532, 535-36 (2d Cir. 1996). Second, the fourth factor cuts against dismissal when the "plaintiff's failure to prosecute ... was silent and unobtrusive rather than vexatious and burdensome." See LeSane, 239 F.3d at 210; see also Waters v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. Jan. 4, 2013). Here, the plaintiff has been silent and unresponsive, not obtrusive and burdensome. Therefore, the fourth factors weighs against dismissal.

As to the fifth factor, after reviewing all alternative sanctions, dismissal of the Complaint without prejudice is the appropriate sanction. The defendants correctly argue that dismissal is appropriate in this case. "[B]ecause the plaintiff has failed to file a current address with the Court, there is no lesser sanction [besides dismissal] which could be effective." Laney, 2011 WL 6594491, at *1; see also Baker v. Smartwood, No. 9:00-cv-1189, 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008). Lesser sanctions cannot be effective in this case because any other sanction imposed on the plaintiff would likely never reach the plaintiff due to the plaintiff's failure to provide a current address.

However, the defendants go further than asking for dismissal of the Complaint; the defendants ask that the

Complaint be dismissed with prejudice. The defendants argue that no alternative sanction to dismissal exists, but do not explain why no alternative sanction to dismissal with prejudice exists. Contrary to defendants' claim, an alternative and lesser sanction to dismissal of the Complaint with prejudice exists: dismissal without prejudice.

Dismissal without prejudice is warranted in this case because any prejudice to the defendants resulting from the plaintiff's unresponsiveness has been minor and unspecified beyond the delay itself. See LeSane, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay ... caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself."); see also Ortega v. Mutt, 14-cv-09703, 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 23, 2017). The only specified harm to defendants resulting from the delay in litigation is a failure to take the pro se plaintiff's deposition. A delay in deposing a plaintiff, however, does not seriously prejudice the defendant because the plaintiff could always be deposed if or when he decides to file the action again. Also, a plaintiff's pro se status should weigh in favor of dismissal without prejudice. See LeSane, 239 F.3d at 210; Waters, 288 F.R.D. at 72.

After weighing the five factors, dismissal without prejudice is the appropriate sanction.

**CONCLUSION**

For the reasons stated above, the defendants' motion to dismiss the Complaint for failure to prosecute is **granted in part** and the Complaint is **dismissed without prejudice**. The Clerk of Court is directed to enter judgment for the defendants and close this case. The Clerk is also directed to close all pending motions.

**SO ORDERED.**

**Dated:** **New York, New York**
**December 2, 2017**

**John G. Koeltl**
**United States District Judge**